**SO ORDERED.**

**SIGNED April 25, 2006.**



_____
HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION**

IN RE:                                                                              CASE NO. 04-52697
     HOUSE OF MERCY, INC.

HOUSE OF MERCY, INC.
        (Plaintiff)

VERSUS                                                         ADVERSARY NO. 05-8059

CENTERS FOR MEDICARE & MEDICAID SERVICES
MARK McCLELLAN
ALBERTO GONZALES, U.S. ATTORNEY GENERAL
MICHAEL O. LEAVITT
        (Defendants)

**REASONS FOR DECISION**

This matter is under advisement on the Defendants' Motion to Dismiss. This Court has jurisdiction over cases and adversary proceedings pursuant to 28 U.S.C. §1334 and by reference from the District Court, pursuant to Uniform District Court Rule 83.4, incorporated into Local Bankruptcy Rule 9029.3. No party has sought to withdraw the reference and the District Court has not done so on its own motion. Pursuant to these reasons, the Defendants' Motion to Dismiss is Granted.

**Findings of Fact**

House of Mercy, Inc, is the Debtor-In-Possession in the above-captioned Chapter 11 case filed on November 3, 2004. Debtor operated a healthcare business as a supplier of wheelchairs or "durable medical equipment or 'DME,' prosthetics, orthotics and supplies" (DMEPOS supplier), as regulated by Medicare under a Medicare provider number. The plaintiff alleges the defendants wrongfully revoked its Medicare provider number on November 9, 2004, without a hearing, after notifications sent in September of 2004 from the Center for Medicare Services (CMS) indicated that an audit of the plaintiff showed it to be in violation of seven out of twenty-one provider requirements. The plaintiff/debtor-in-possession seeks from the defendants reimbursements in the amount of $486,687.23 it claims became due prior to the revocation of its provider number.

The following excerpt most succinctly explains the general relationship between plainitff and CMS:

> Part A of the Medicare Act, established by Title XVIII of the Social Security Act, 42 U.S.C. §1395 et seq., in relevant part provides for payment on behalf of eligible beneficiaries for certain home health services furnished by home health agencies. 42 U.S.C. §1395d. The Secretary of the United States Department of Health and Human Services ("HHS") administers the Medicare Program and has delegated this function to the Health Care Financing Administration ("HCFA"), a component of HHS. A home health agency that meets Medicare certification standards may enter into a provider agreement with HCFA, 42 U.S.C. § 1395cc, and be reimbursed for the reasonable cost of covered services, as determined under detailed statutory and regulatory criteria. 42 U.S.C. §§ 1395f(b), 1395h, 1395x(v); 42 C.F.R. § 413.1 et seq. HHS's payment scheme pays providers periodically on an interim basis on estimates of the provider's projected cost for the entire year. 42 C.F.R. § 413.64(b), (e). After interim payments are made, audits are conducted that may reveal any under- or overpayments made to providers. Such under- or

2

> overpayments are corrected through ongoing adjustments in subsequent Medicare reimbursements. 42 C.F.R. § 405.371(a)(2), 3413.64(e), (h)(7). HHS is allowed to adjust payments to providers as is necessary to properly balance payments to providers. 42 U.S.C. § 1395g(a). The review of the interim payments is conducted by a fiscal intermediary, generally a private insurance company. 42 C.F.R. § 413.20(b), 413.24(f).

*AHN Homecare, L.L.C. v. Home Health Reimbursement & Health Care Financing Admin.*, 222 B.R. 804, 805 (Bankr.N.D.Tex. 1998).

The defendants assert in the memorandum in support of this motion, that the plaintiff received notice of the violations of the supplier standards and had an opportunity to provide evidence of compliance, but neither showed such compliance nor timely appealed the revocation decision. In a letter to the plaintiff dated October 13, 2004, by the National Supplier Clearinghouse who conducted the audit of House of Mercy, Inc., the plaintiff was notified of the pending revocation of the provider number and instructed that plaintiff could request a hearing in writing within 90 days of the postmark of that letter. (CMS Exhibit 3.) Although the complaint asserts that plaintiff was "never afforded the right to a hearing," the complaint never asserts that a written request for a hearing was ever timely made. Rather, plaintiff filed the Chapter 11 Petition just days before the revocation became effective.

**Applicable Law and Analysis**

The instant Motion to Dismiss under F.R.C.P. 12(b)(1),(2),(4),(5), and (6) was filed by the defendants. Under the guidance of *In re Canion*, this Court is mindful that "Federal courts must be assured of their subject matter jurisdiction at all times." *In re Canion*, 196 F. 3d 579, 584 (5th Cir. 1999), citing, *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1021 (5th Cir. 1999). Therefore, defendants' motion pursuant to F.R.C.P.12(b)(1), to dismiss for lack of subject matter jurisdiction, must be analyzed first. "Federal courts are courts of limited jurisdiction, and bankruptcy courts are

no exception. Their jurisdiction is 'wholly grounded in and limited by statute.'" *Id.* at 584.

Plaintiff's claim for reimbursements and the assertion of wrongful revocation of the provider number arise under and are governed by the Medicare Act, 42 U.S.C. §1395 *et seq*. 42 U.S.C. §405(h), through 42 U.S.C. §1395ii precludes judicial review of the Secretary's determinations concerning the Medicare program, except as provided for in the Act itself, in stating:[1] "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

The Medicare statutory scheme limits judicial review of claims arising under the Act to those which have exhausted the administrative remedies including presentment of the claim to the Secretary and an exhaustion of the review/appeal procedures. 42 U.S.C. §§405(h) and 1395ff and 42 C.F.R. §405.857. The statute requiring exhaustion of administrative remedies is not limited to decisions of the Secretary, be they of law or fact, but that requirement extends to "*any* action seeking to recover on any claim." *Mid-Delta Health Systems, Inc. v. Shalala*, 251 B.R. 811, 813 (Bankr. N.D.Miss. 1999)(emphasis supplied)(finding the bankruptcy court lacked subject matter jurisdiction

---

[1] 42 U.S.C. §1395ii provides: "The provisions of sections 406 and 416(j) of this title, and of subsections (a), (d), (e), (h), (i), (j), (k), and (l ) of section 405 of this title, shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II of this chapter, except that, in applying such provisions with respect to this subchapter, any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services, respectively." Hence, any reference in 405(h) to "Commissioner" is replaced herein with "Secretary."

4

over an adversary proceeding by Chapter 11 debtor seeking recalculation of overpaid reimbursements and other constitutional challenges until the exhaustion requirement was met), citing, *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457 (1975); *AHN Homecare, L.L.C. v. Home Health Reimbursement & Health Care Financing Admin.*, 222 B.R. 804, (Bankr.N.D.Tex. 1998)(bankruptcy court had no subject matter jurisdiction over a declaratory judgment action seeking determination of amounts due between home health care provider and the Department of Health and Human Services). It matters not that plaintiff mentions the wrongful revocation claim is made under the Due Process clause in that §405(g) is the exclusive means of judicial review, especially considering the prayer for relief seeks reinstatement of the number. *Bodimetric Health Services v. Aetna Life & Cas.*, 903 F.2d 480 (7th Cir. 1990) cert. den. 498 U.S. 1012, 111 S.Ct. 579 (1990); *See Heckler v. Ringer*, 466 U.S. 602, 615 104 S.Ct. 2013, 2021 (1984)(finding that §405(h) precludes judicial review of Medicare provider claims that are "inextricably intertwined" with the Medicare Act payment determinations, before the administrative remedies are exhausted). Although it is plausible that the claim for wrongful revocation could be considered "wholly collateral" to the claim for reimbursements, under the guidance of *Bodimetric*, it appears that courts have previously considered claims to be "wholly collateral" when the accompanying claim is a state or other federal law claim that does not "arise under" the Medicare Act. *Id,* 903 F.2d 480. Here, both the claim for reinstatement of the number and the claim for reimbursements arise under the Medicare Act, and plaintiff, according to the pleadings presented thus far, never requested a hearing on the revocation decision, and instead, filed a Chapter 11 petition. Therefore, plaintiff's assertion that it is not bound to exhaust its administrative remedies under the Act is without merit.

In its response to the motion, plaintiff argues that 42 U.S.C. §1334 grants this Court

5

jurisdiction over this matter. However, the United States Fifth Circuit Court of Appeals has held that the "plain language of 1334(b) does not purport to give the district court exclusive jurisdiction over all matters arising under Title 11 to the exclusion of administrative agencies; rather, 1334(b) grants the district court concurrent jurisdiction over matters that would otherwise lie within the exclusive jurisdiction of another court." *MCORP Financial, Inc. v. Board of Governors*, 900 F.2d 852, 855 (5th Cir. 2000). Again, the case of *AHN Homecare, L.L.C. v. Home Health Reimbursement & Health Care Financing Admin.*, 222 B.R. 804, 807-810, best explains why §1334 does not grant this court jurisdiction in this matter:

> The most extensive and detailed analysis of the jurisdictional intersection of § 405(h) and § 1334 was conducted by the court in *In re St. Mary Hospital*, 123 B.R. 14 (E.D.Pa.1991). *St. Mary* involved a home health provider that filed bankruptcy once an audit by HHS revealed overpayments. After filing Chapter 11 relief, the trustee filed an counterclaim with the bankruptcy court seeking declaratory relief and turnover of property. HHS filed a motion to dismiss contending that St. Mary Hospital had not exhausted all of its administrative remedies as provided under the Medicare Act, thus such action in the bankruptcy court was precluded under § 405(h). The court turned to the legislative history behind § 405(h) and § 1334 and stated:
>
>> When enacted in 1939, section 405(h) barred all actions brought pursuant to 28 U.S.C. § 41, including the grant of bankruptcy jurisdiction to the district court under section 41(19). See Social Security Act Amendments of 1939, Pub.L. No 379, § 205(h), 53 Stat. 1360, 1371 (1939); 42 U.S.C. § 405(h) (1982) (codification note). Certainly, if this suit had been brought then, it would have been barred. When section 41 was replaced with the current jurisdictional provisions, sections 1331 to 1348, 1350 to 1357, 1359, 1397, 2361, 2401 and 2401 of Title 28, the council for the Office of Law Revision recommended to Congress that it modify 405(h) to its present form. Congress adopted the proposed amendments in the Deficit Reduction Act of 1984, Subtitle D, Technical Corrections, using the following language: "section 205(h) [42 U.S.C. § 405(h) ] of such Act is amended by striking out 'section 24 of the Judicial Code of the United States' [codified as section 41 of Title 28] and inserting in lieu thereof 'section 1331 or 1346 of title 28, United States Code,'." Pub.L. No. 98-369, 98 Stat. 1162 § 2663(a)(4)(D). Congress also cautioned the courts not to interpret the "Technical Corrections" as substantive

6

> changes:
>> [T]he amendments made by section 2663 shall be effective on the date of the enactment of this Act; but none of such amendments shall be construed as or affecting any right, liability, status, or interpretation which existed (under the provisions of law involved) before that date.
>
> *Id.* at § 2664(b) (emphasis added). As the court in *Bodimetric Health Services v. Aetna Life & Casualty*, 903 F.2d 480, 489 (7th Cir.1990), stated: "In this section Congress clearly expressed its intent not to alter the substantive scope of section 405(h). Because the previous version of section 405(h) precluded judicial review of diversity actions, so too must newly revised section 405(h) bar these actions. Any other interpretation of this section would contravene section 2664(b) by 'changing or affecting [a] right, liability, status, or interpretation' of section 405(h) that existed before the Technical Corrections were enacted." Bankruptcy actions, like diversity actions, were barred under the prior codification of section 405(h) and remain so today.

*St. Mary Hospital*, 123 B.R. at 17. Accord St. Johns, 173 B.R. at 244; *In re Upsher Laboratories, Inc.*, 135 B.R. 117, 119-120 (Bankr.W.D.Mo.1991); *In re Home Comp Care, Inc., v. U.S. Dept. Of Health*, 221 B.R. 202, (N.D.Ill.1998).

Such a reading of § 405(h) and § 1334 is fully consistent with the intent of Congress. As the court in *St. Mary* stated: "a broad reading of section 405(h) puts its interpretation in accord with Congress' intent to permit the Secretary in Medicare disputes to develop the record and base decisions upon his unique expertise in the health care field. The misfortune that a provider is in bankruptcy when he has a reimbursement dispute with the Secretary should not upset the careful balance between administrative and judicial review.... [It] must be remembered that section 405(h) does not foreclose judicial review of administrative decisions, but merely postpones judicial review until the carefully prepared administrative system is given an opportunity to work." *St. Mary*, 123 B.R. at 17. (Citing *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).

The Ninth Circuit opinion in *In re Town & Country Home Nursing Services, Inc.*, 963 F.2d 1146 (9th Cir.1992), disagreed with the analysis followed by St. Mary and other like cases. In *Town & Country*, the court's decision primarily addressed questions as to the effect of § 106 of the Bankruptcy Code on waiver of sovereign immunity. Id. at 1149-1154. Only briefly did the court entertain questions as to the relationship between § 405(h) and § 1334. The Ninth Circuit looked summarily at the language of § 405(h) and stated that since § 1334 is not specifically mentioned as are §§ 1331 and 1346, there is no prohibition against a bankruptcy court exercising jurisdiction before all administrative remedies are exhausted. Id. at 1155. The court concluded that: "The rationale underlying section 1334's broad jurisdictional grant over all matters conceivably having an effect on the bankruptcy estate is clear. This section allows a single court to preside over all of the affairs of

7

the estate, which promotes a 'congressional-endorsed objective: the efficient and expeditious resolution of all matters connected to the bankruptcy estate.'" *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988) (citing H.R.Rep. No, 595, 95th Cong., 1st Sess. 43-48, reprinted in 1978 U.S.Code Cong. & Admin. News 5963, 6004-08). The language of section 1334(b) grants jurisdiction to the district courts, and therefore to the bankruptcy court, over civil proceedings related to bankruptcy and accords with "the intent of Congress to bring all bankruptcy related litigation within the umbrella of the district court, at least as an initial matter, irrespective of congressional statements to the contrary in the context of other specialized litigation." 1 L. King, Collier on Bankruptcy, ¶ 3.01[1][c][ii], at 3-22 (15th ed.1991). *Id.* at 1155.

While *Town & Country* correctly describes the Congressional principles behind creating the bankruptcy courts as a forum where varied and multi-faceted disputes may be resolved in an expeditious fashion, the decision completely ignores the legislative history behind § 405(h). It also ignores the Congressional purpose behind the complex and balanced administrative review provided for under the Medicare Act as explained by *St. Mary*. In this court's view, the better reading of § 405(h) and § 1334 holds that § 405(h) intends to have the administrative remedies exhausted before judicial review is taken by a bankruptcy court when the matter is one which "arises under" the Medicare Act. As stated by the St. Johns court, "The filing of a bankruptcy petition does not and should not create a shortcut to judicial review of administrative decisions otherwise subject to exhaustion requirements." St. Johns, 173 B.R. at 243. Such an interpretation of § 405(h) and § 1334 would also comport with the logic behind the Fifth Circuit decision in *MCorp Financial, Inc. v. Board of Governors*, 900 F.2d 852 (5th Cir.1990) aff'd in part, rev'd in part, *Board of Governors v. MCorp Financial*, 502 U.S. 32, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). In *MCorp*, the Fifth Circuit was confronted with a specialized banking statute that prohibited judicial interference with administrative proceedings, 12 U.S.C. § 1818(i), and the general grant of jurisdiction afforded to the bankruptcy courts under § 1334. It was argued that §1334, which was enacted subsequent to § 1818(i), granted to the bankruptcy courts jurisdiction over the matter even though § 1818(i) seemed to preclude the involvement of the bankruptcy court because the legislative history of § 1334 explained the broad grant of bankruptcy jurisdiction conferred by § 1334. The Fifth Circuit disagreed, holding that such an interpretation would have the effect of "impliedly repealing" § 1818(i). An implied repeal of a statute is highly disfavored and will only be held to have occurred if there is a "positive repugnancy" between two statutory provisions. *Id.* at 855-856. The court concluded,

> Absent some clear intention to the contrary, however, a specific statute will not be controlled by a general one regardless of the priority of enactment. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Congress revealed no intent to supersede the specific jurisdictional bar of § 1818(i) in the legislative history of the Bankruptcy Reform Act, nor in the recently enacted [FIRREA]. We decline to imply any affirmative

8

> powers to the bankruptcy court from Congress' failure to act in this
> area.
>
> *Id.* at 856.(citations omitted).
>
> As in *MCorp*, the legislative history of § 1334 evidences no intention to make its general provisions override the specific provisions enumerated in § 405(h). Given the Fifth Circuit's reasoning in *MCorp*, this court declines to follow *Town and Country*, but will follow instead the decisions of *St. Mary Hospital*, *St. Johns Home Health Agency*, *Home Comp Care, and Bodimetric*. Accordingly, this court finds that the cause of action and the requests for relief based on the alleged overpayments to AHN "arise under" the Medicare Act. Section 405(h) intended to preclude bankruptcy jurisdiction over matters "arising under" the Medicare Act until all administrative remedies had been exhausted. Since those remedies have not been exhausted, this court does not have jurisdiction to hear those matters or to determine the amounts due and owing between the parties.

Rarely does this Court quote so much text from another court, however, it cannot be overemphasized how totally this Court concurs with the Judge McGuire's jurisdictional analysis found in *AHN Homecare*, including the in-depth explantion of why *Town & Country*, decided by the Ninth Circuit, does not comport with the Fifth Circuit's interpretation in *MCorp*. This Court fully adopts the court's finding and reasoning in *AHN Homecare*, as quoted above, and finds this Court lacks subject matter jurisdiction over the plaintiff's complaint in its entirety.

Having found this Court lacks subject matter jurisdiction over this complaint in its entirety at this time, and that it should be dismissed until plaintiff can show that it has exhausted its administrative remedies, it need not rule further on the issues raised under F.R.C.P. 12(b)(2) [lack of personal jurisdiction], F.R.C.P. 12(b)(4) [insufficiency of process], F.R.C.P. 12(b)(5) [insufficient service of process], and F.R.C.P. 12(b)(6) [failure to state a claim upon which relief may be granted].

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss is Granted. A separate and conforming Order shall enter this date.

9

# # #